IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CELESTIAL COMMUNITY              )
DEVELOPMENT CORP., INC.          )
                                 )   Civil Action
            Plaintiff            )   No. 11-cv-05735
                                 )
       vs.                       )
                                 )
CITY OF PHILADELPHIA; and        )
ELSER STREET PROPERTIES, LLC,    )
                                 )
            Defendants           )

                    *      *      *

APPEARANCES:

     KAHIGA A. TIAGHA, ESQUIRE
          On behalf of Plaintiff

     ROBERT D. AVERSA, ESQUIRE
          On behalf of Defendant Defendant City
          of Philadelphia

     JUSTIN L. KRIK, ESQUIRE
          On behalf of Defendant Elser
          Street Properties, LLC

                    *      *      *

                 **O P I N I O N**

JAMES KNOLL GARDNER
United States District Judge

          This matter is before the court on two motions to

dismiss: (1) Defendant City of Philadelphia's Motion to Dismiss

Complaint Under Rule 12(b)(6), which motion to dismiss was filed

on December 14, 2012 ("City's Motion to Dismiss"); and

(2) Defendant, Elser Street Properties, LLC's Motion to Dismiss

Plaintiff's Complaint Under Rule 12(b)(6), which motion to

dismiss was filed on December 19, 2011 ("Elser Street LLC's Motion to Dismiss").  On January 17, 2012 plaintiff Celestial Community Development Corp., Inc. ("Celestial") filed a response in opposition to each defendant's motion.[1]

## SUMMARY OF DECISION

Plaintiff Celestial Community Development Corp., Inc. filed a three-count civil Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, which was subsequently removed to federal court.

Count One against defendant City of Philadelphia is a federal claim brought pursuant to 42 U.S.C. § 1983.  It alleges that defendant City, acting under color of Pennsylvania state law, deprived plaintiff of its property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution (the "takings claim").

Count Two against defendant City is a pendent Pennsylvania state-law claim for fraudulent conveyance.

Count Three against defendant Elser Street Properties, LLC is a pendent Pennsylvania state-law claim for unjust enrichment.

---

[1]     Specifically, [Plaintiff's] Response [in Opposition] to Defendant City of Philadelphia's Motion to Dismiss Complaint Under Rule 12(b)(6) ("Plaintiff's Response to City Motion"), together with a brief in support ("Plaintiff's City Brief"); and [Plaintiff's] Response [in Opposition] to Defendant Elser Street, LLC's Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(6)("Plaintiff's Response to Elser Street Motion"), together with a brief in support ("Plaintiff's Elser Street Brief") were each filed on January 17, 2012.

For the reasons discussed below, I grant the City's Motion to Dismiss and dismiss defendant City of Philadelphia ("the City") from this action.

Specifically, I grant the City's motion and dismiss Count One from the Complaint because the section 1983 takings claim which plaintiff seeks to assert against the City is time-barred by the applicable statute of limitations.

Additionally, I grant the City's motion as unopposed and dismiss Count Two from the Complaint because of plaintiff's failure to respond to that portion of the City's motion.  In the alternative, I dismiss Count Two on the merits because Count Two fails to state a claim against the City for fraudulent conveyance pursuant to Pennsylvania law;  and because, if plaintiff is attempting to assert a fraudulent misrepresentation claim against the City in Count II, that claim is barred by governmental immunity and by the applicable statute of limitations.

Finally, after dismissing plaintiff's sole federal claim asserted in Count One, which was the basis for this court's jurisdiction, I decline to exercise pendent jurisdiction over plaintiff's remaining state-law unjust enrichment claim asserted against defendant Elser Street Properties, LLC ("Elser Street LLC") in Count Three.  Accordingly, I remand this matter to the Court of Common Pleas of Philadelphia County.

Finally, I dismiss Elser Street LLC's Motion to Dismiss as moot without prejudice for Elser Street to raise the issues contained in its motion to dismiss regarding Count Three as preliminary objections in state court.

## JURISDICTION

This court has original, federal question jurisdiction over plaintiff's federal constitutional claim in Count One pursuant to 28 U.S.C. § 1331.  This court has supplement jurisdiction over plaintiff's state law claims in Counts Two and Three pursuant to 28 U.S.C. § 1367(a).

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to plaintiff's claim allegedly occurred, and a substantial part of property that is the subject of this action is situated, in this judicial district.

## PROCEDURAL HISTORY

Plaintiff Celestial Community Development Corp., Inc. filed its Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, to Term Number 110800219 on August 26, 2011.  Celestial named the City of Philadelphia, Elser Street Properties, LLC, Elkins Park Abstract Co. ("Elkins Park Abstract"), and the law firm of Friedman, Schuman, Applebaum Nemeroff & McCafferey, P.C. ("the Law Firm") as defendants.

-4-

On September 13, 2011 the City removed this action from the Philadelphia Court of Common Pleas to this court.[2]

Defendants Elkins Park Abstract the Law Firm filed a motion to dismiss Celestial's claims against them on November 29, 2011.  By Order dated January 3, 2012 and filed January 4, 2012, I granted that motion as unopposed and dismissed defendants Elkins Park Abstract and the Law Firm as parties to this action.

Defendant City of Philadelphia's Motion to Dismiss was filed December 14, 2011.  Defendant Elser Street Properties' Motion to Dismiss was filed December 19, 2011.  Plaintiff Celestial filed its response to each motion on January 17, 2012. Hence this Opinion.

## STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public

---

[2]    Notice of Removal filed by the City on September 13, 2011.

record, including other judicial proceedings.  Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief".  Rule 8(a)(2) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.  Twombly, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[3]

In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief.  Fowler, 578 F.3d at 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely

---

[3]     The Supreme Court's Opinion in Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that the "facial plausibility" pleading standard set forth in Twombly applies to all civil suits in the federal courts.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  This showing of facial plausibility then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", and that plaintiff is entitled to relief. Fowler, 578 F.3d at 210 (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

that the plaintiff can prove those facts or will ultimately prevail on the merits.  Phillips, 515 F.3d at 231.  Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotations omitted).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion.  First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted.  Fowler, 578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded.  Id. at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 211 (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible." Iqbal, 556 U.S. at 679-680, 129 S.Ct. at 1949-1951, 178 L.Ed.2d at 884-885.

A well-pled complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941 (internal quotations omitted).

### FACTS

Based on the averments in plaintiff's Complaint, the exhibits to the Complaint, and the public-record exhibits to the parties' motion papers, each of which I must accept as true for purposes of this Opinion under the applicable standard of review discussed above, the pertinent facts are as follows.

### Parties

Plaintiff Celestial Community Development Corp., Inc. is a tax-exempt non-profit corporation organized under the laws of the Commonwealth of Pennsylvania. Celestial is also know as the "Celestial Tabernacle Holiness Church of God" and has an office at 2808-2814 West Thompson Street, Philadelphia, Pennsylvania 19121.[4] Plaintiff church has a membership of approximately 300 people, and, as part of its mission, does community development work in "drug addled neighborhoods of North Philadelphia." As part of Celestial's redevelopment work, it acquires and restores old properties "in order to establish

---

[4]      Complaint at ¶ 1.

positive community centers as a counter balance to the drug activity and violence in the neighborhood."[5]

Defendant City of Philadelphia is Pennsylvania municipal government entity.  The City's Law Department is located at 1515 Arch Street, Philadelphia, Pennsylvania 19102. The City operates the Office of the City and County of Philadelphia.[6]

Defendant Elser Street Properties, LLC is a Pennsylvania limited liability company which has an office at 622 Minor Street, Reading, Pennsylvania 19622.[7]

### The Property

This civil action concerns a block of property in north Philadelphia, Pennsylvania identified by Celestial as 2808-2814 West Thompson Street, which Celestial refers to as the "Subject Premises".  More precisely, this action concerns the dispute over 2808 West Thompson Street, and 2810-2814 West Thompson Street.  The portion of the Subject Premises which plaintiff identified as 2810-2814 West Thompson Street is also known as 1257 North Newkirk Street.[8]  For ease of reference, I

---

[5]     Complaint at ¶¶ 6-7.

[6]     Complaint at ¶ 2.

[7]     Complaint at ¶ 3.

[8]     Complaint at ¶¶ 35-36; Complaint, Exhibit A is what Celestial refers to as the "Kircheff-Older Deed" or the "Subject Premises Deed". Complaint, Exhibit A is a deed dated June 25, 1986 which conveyed two

(Footnote 8 continued):

-9-

(Continuation of footnote 8):

separately-described "piece[s] of ground with the buildings and improvements thereon erected" from Flora J. Kricheff to Hugh R. Older.  Specifically, the Kircheff-Older Deed conveyed the property known as "2808 West Thompson Street" as well as the property known as "2810-2812 and 2814 West Thompson Street A/K/A 1257 N. Newkirk Street".

    The metes-and-bounds legal description of 2808 West Thompson Street is as follows:

        SITUATE on the South side of Thompson Street at the distance of Sixty-three feet Eleven inches Westward from the West side of Twenty-eight Street in the Twenty-ninth Ward of the City of Philadelphia; thence extending Westward along the South side of said Thompson Street and at right angles to the said Twenty-eighth Street Twenty-four feet One inch to a point; thence Southward on a line parallel with the said Twenty-eighth Street One Hundred Seventeen feet One inch to a point Eastward on a line at right angles to the said Twenty-eighth Street Twenty feet Three inches to a point; thence North on a line parallel with the said Twenty-eighth Street Sixty-two feet One inch to a point; thence Eastward on a line a right angles with the said Twenty-eighth Street Three feet Ten inches to a point; thence Northward on a line parallel with the said Twenty-eighth Street Fifty[-]Five feet to the first mentioned point and place of beginning.

        BEING KNOWN AS 2808 West Thompson Street.

    The metes-and-bounds legal description of 1257 North Newkirk Street is as follows:

        SITUATE in the Twenty-eighth Ward of the City of Philadelphia and described as follows:

        BEGINNING at the Southeast corner of Thompson Street and Newkirk Street; thence extending Southward along the East side of the said Newkirk Street One Hundred Fourteen feet One inch to a point[;] thence extending Eastward on a line at right angles to the said Newkirk Street Thirty-eight feet to a point; thence Southward on a line parallel with the said Newkirk Street Three feet to a point[;] thence Eastward on a line at right angles to the said Newkirk Street Twelve feet to a point[;] thence Northward on a line parallel with the said Newkirk Street One Hundred Seventeen feet One inch to a point in the South side of Thompson Street and thence Westward along the said side of Thompson Street Fifty feet to the place of beginning.

        BEING KNOWN AS 2810-2812 and 2814 West Thompson Street. A/K/A/ 1257 N. Newkirk Street.

Complaint, Exhibit A.

                                        (Footnote 8 continued):

will refer to the two portions of the contested property as 2808 West Thompson Street and 1257 North Newkirk Street, respectively, in this Opinion.

By a single deed dated June 25, 1986 and recorded in the Office of the Recorder of Deeds of Philadelphia County in Deed Volume 510, page 325, Flora J. Kricheff, Grantor, conveyed both 2808 West Thompson Street and 1257 North Newkirk Street to Hugh R. Older, Grantee.  Sometime in February 2004, the City initiated two actions against Mr. Older, who, at that time, owned both 2808 West Thompson Street and 1257 North Newkirk Street. Those actions concerned Mr. Older's municipal tax delinquencies.

The first of those actions, Philadelphia v. Older I, resulted in the sheriff's tax sale of 2808 West Thompson Street on August 18, 2004.[9]  The second action, Philadelphia v.

------

(Continuation of footnote 8):

The meets-and-bounds legal description of 2808 West Thompson Street contained in the Kircheff-Older Deed matches the legal description of 2808 West Thompson Street included with the Amended Claim for Registered Taxes filed April 24, 2004 in City of Philadelphia v. Hugh R. Older, Philadelphia County Court of Common Pleas, February Term 1994, No. 70041 TLD ("Philadelphia v. Older I").  Similarly, the metes-and-bounds legal description of 1257 North Newkirk Street contained in the Kircheff-Older Deed matches the legal description of 1257 North Newkirk Street included with the Amended Claim for Registered Taxes in filed June 26, 2008 in City of Philadelphia v. Hugh R. Older, Philadelphia Court of Common Pleas, February Term 1994, No. 49863 TLD ("Philadelphia v. Older II").  (Compare Elser Street LLC's Motion to Dismiss, Exhibits 2 and 3 with Complaint, Exhibit A.)

[9]   See Complaint at ¶¶ 19-20; Elser Street LLC's Motion to Dismiss, Exhibit 2.  The deed conveying 2808 West Thompson Street from the Sheriff of the County of Philadelphia to Celestial was recorded on January 29, 2005 as document number 51107761. (Complaint, Exhibit B.)

Older II, resulted in the sheriff's tax sale of 1257 North New-
kirk Street on November 19, 2008.[10]

Alleged Deficiencies in August 18,

2004 Sheriff's Tax Sale

Celestial avers that certain errors were made by the
City -- through the sheriff's office -- in the execution of the
August 18, 2004 sheriff's tax sale of 2808 West Thompson Street.

Specifically, Celestial alleges that the property which
was ordered to be sold by the sheriff on August 18, 2004 was the
"Subject Premises" -- namely, 2808-2814 West Thompson Street.[11]
In other words, Celestial alleges that the both 2808 West
Thompson Street and 1257 North Newkirk Street were to be sold by
the sheriff on August 18, 2004.

This averment is contradicted by the Decree dated June
30, 2004 in Philadelphia v. Older I which plainly identifies 2808
West Thompson Street as the premises to be sold by the sheriff on
August 18, 2004.  Moreover, the Amended Claim for Registered
Taxes filed in Philadelphia v. Older I identified only 2808 West
Thompson Street as the target property and the Tax Information
Certificate attached thereto contains the metes-and-bounds legal
description of 2808 West Thompson Street only.

---

[10]    See Complaint at ¶¶ 40-45; Elser Street LLC's Motion to Dismiss,
Exhibit 3.  The deed conveying 2808 West Thompson Street from the Sheriff of
the County of Philadelphia to Elser Street LLC was recorded on November 9,
2009 as document number 52141146.  (Complaint, Exhibit E.)

[11]    See Complaint at ¶¶ 8 and 12.

Celestial further avers that the newspaper and sheriff's office postings advertizing, as well as the auctioneers list for, the August 18, 2004 sheriff's sale described the property to be sold as "2808 and 2810-2814 West Thompson Street".[12]  Moreover, Celestial alleges that, during the August 18, 2004 sheriff's tax sale, the sheriff's office offered for sale a single parcel described as "2808 and 2810-2814 West Thompson Street".  Accordingly, Celestial alleges that it purchased both 2808 West Thompson Street and 1257 North Newkirk Street at the August 18, 2004 sheriff's tax sale.

On January 29, 2005 Celestial retrieved its deed from the City which conveyed only 2808 West Thompson Street from the Sheriff of the County of Philadelphia to Celestial, and recorded that deed the same day.[13]  Celestial avers that this deed is "[e]rroneous" because it did not also convey 1257 North Newkirk Street.[14]

<u>The November 19, 2008 Sheriff's Tax Sale</u>

Although the Amended Complaint for Registered Taxes concerning 2808 West Thompson Street was filed on April 29, 2004 in <u>Philadelphia v. Older I</u>, the Amended Complaint for Registered

---

[12]    Complaint at ¶¶ 14-15.

[13]    <u>See</u> Complaint at ¶ 20, and Exhibit B.

[14]    Complaint at ¶¶ 24-25.

Taxes concerning 1257 North Newkirk Street was filed on June 26, 2008 in Philadelphia v. Older II.[15]

A Decree was issued on October 10, 2008 in Philadelphia v. Older II which directed that 1257 North Newkirk Street be sold by the sheriff on November 19, 2008.[16] The newspaper and sheriff's office posts advertizing, and the auctioneer's list for, the November 19, 2008 sheriff's tax sale described the property to be sold as 1257 North Newkirk Street.[17] Importantly, Celestial knew -- long before the November 19, 2008 sheriff's tax sale -- that the property known as 2810-2814 West Thompson Street was also known as 1257 North Newkirk Street.[18]

On November 19, 2008 the sheriff offered for sale, and Elser Street LLC purchased, 1257 North Newkirk Street.  The deed conveying 1257 North Newkirk Street from the Sheriff of the County of Philadelphia to Elser Street LLC was recorded November 9, 2009.

---

[15]    Elser Street LLC's Motion to Dismiss, Exhibits 2 and 3.

[16]    Complaint at ¶¶ 39-40; Elser Street LLC's Motion to Dismiss, Exhibit 3.

[17]    Complaint at ¶¶ 41-42.

[18]    See Complaint at ¶¶ 17 and 36.  Specifically, plaintiff avers that it obtained the Kircheff-Older Deed as part of its "due diligence" prior to the August 18, 2004 sheriff's tax sale and that the Kircheff-Older deed contained the "also known as" language linking 2810-2814 West Thompson Street and 1257 North Newkirk Street. (Id.)

### The State Court Ejectment Action

On January 8, 2010, following its purchase of
1257 North Newkirk Street at the November 19, 2008 sheriff's tax
sale and the recording of the deed conveying 1257 North Newkirk
Street from the Sheriff of the County of Philadelphia to Elser
Street LLC on November 9, 2009, Elser Street LLC filed an
ejectment action against Celestial in the Court of Common Pleas
of Philadelphia County -- Elser Street Properties, LLC v.
Celestial Community Development Corp, Inc. ("the state court
ejectment action").[19]

Celestial was served with original process in the state
court ejectment action on January 12, 2010.  On February 12, 2010
judgment by default was entered against Celestial in the state
court ejectment action.  Celestial sought to open the default
judgment on February 12, 2010.  Judge Paul P. Panepinto of the
Philadelphia Court of Common Pleas denied Celestial's motion to
open default judgment on October 20, 2010.

Celestial appealed Judge Panepinto's denial of its
request to open default judgment.  The Superior Court of
Pennsylvania dismissed Celestial's appeal sua sponte on
January 21, 2011.  On February 16, 2011 Celestial filed a
petition in the Superior Court to reinstate its appeal.  The

---

[19]     Elser Street LLC, Exhibit 4, Civil Action 3R - Complaint in
Ejectment filed January 8, 2010 in Elser Street Properties, LLC v. Celestial
Community Development Corp., Inc., Philadelphia Court of Common Pleas, January
Term 2010, No. 000883.

Superior Court denied Celestial's petition for reinstatement of its appeal on March 8, 2011.

On February 23, 2011, while that petition to reinstate Celestial's appeal was pending before the Superior Court, Celestial filed a motion for supersedeas in the Philadelphia County Court of Common Pleas.  Celestial's February 23, 2012 motion for supersedeas was assigned to Judge Panepinto.

Then, on March 17, 2011, while its motion for supersedeas was pending, Celestial filed an emergency motion for supersedeas, also in the Philadelphia Court of Common Pleas. Judge Panepinto entered an Order granting Celestial's motion for supersedeas and staying Celestial's eviction on the condition that Celestial pay a $20,000 security bond to the Prothonotary of the Philadel-phia Court of Common Pleas within 15 days, or by April 1, 2011.

Also on March 17, 2011, Celestial filed a petition in the Supreme Court of Pennsylvania seeking review of the Superior Court's denial of Celestial's petition seeking to reinstate its appeal from Judge Panepinto's denial of Celestial's request to open the February 12, 2010 default judgment.

On April 5, 2011 the supersedeas was terminated by the Philadelphia Court of Common Pleas.  Two days later, on April 7, 2011, Elser Street LLC filed for a writ of possession for 1257 North Newkirk Street.

-16-

Then, on April 15, 2011, while Elser Street LLC's petition for a writ of possession was pending, Celestial filed an emergency motion in the Supreme Court of Pennsylvania seeking to reinstate the supersedeas and stay the ejectment action, pending the outcome of its appeal.

On April 21, 2011, Celestial filed a motion for a preliminary injunction in the Philadelphia Court of Common Pleas and an emergency motion to strike the February 12, 2010 default judgment.

On April 26, 2011, following a hearing on the motion, Judge Panepinto dismissed Celestial's motion for a preliminary injunction because of Celestial's emergency motions then pending before the Supreme Court of Pennsylvania.

On April 27, 2011, following the dismissal of its motion for preliminary injunction by Judge Panepinto, Celestial filed an emergency petition for special injunction staying execution against 2808-2814 West Thompson Street.

On June 24, 2011 the Supreme Court of Pennsylvania issued a per curiam Order denying each of Celestial's requests for review and/or action by that court.[20]

In sum, after the flurry of activity in the trial and appellate courts of the Commonwealth of Pennsylvania, the

---

[20]     Elser Street LLC's Motion to Dismiss, Exhibit 6, Per Curiam Order of the Supreme Court of Pennsylvania dated June 24, 2011 in Elser Street Properties, LLC v. Celestial Community Development, Inc., No. 39 EM 2011.

February 12, 2010 default judgment entered in favor of Elser
Street LLC and against Celestial in the state court ejectment
action stood, and remains, undisturbed.

## DISCUSSION

### Count One

Count One of plaintiff's Complaint brought pursuant to
42 U.S.C. § 1983 asserts a federal civil rights claim against the
City.  Specifically, Celestial claims that the City, "acting
under color of state law...deprived Plaintiff of its private
property without just compensation in violation of the Fifth and
Fourteenth Amendments to the United States Constitution" and
caused Celestial to "suffer[] the loss of the Subject Premises[,
2808-2814 West Thompson Street,] by the [sheriff's tax] sale of
the Newkirk Street Property[, 1257 North Newkirk Street, also
known as 2810-2814 West Thompson Street]".[21]

### Statute of Limitations

In its motion to dismiss, City seeks to dismiss Count
One of the Complaint.  Specifically, the City contends that
Celestial's section 1983 takings claim asserted in Count One is
time-barred by the two-year limitations period applicable to
section 1983 claims.[22]

---

[21]     Complaint at ¶ 66.

[22]     City's Brief at pages 3-4.

-18-

Specifically, the City contends that Celestial admitted it was aware of the alleged violation of its constitutional rights on January 29, 2005 when the City delivered the deed conveying only 2808 West Thompson Street. Accordingly, the City contends that Celestial was required to file its section 1983 takings claim not later than January 29, 2007.

Celestial contends that, although it knew that the deed delivered by the City and recorded January 25, 2009 subsequent to the August 18, 2004 sheriff's tax sale conveyed only 2808 West Thompson Street (and not 1257 North Newkirk Street), Celestial was unaware of "the extent of Defendant City's injury against the Plaintiff" until the February 12, 2010 default judgment was entered against Celestial in the state court ejectment action where Elser Street LLC sought to clear title to, and obtain possession of, 1257 North Newkirk Street.[23]  In short, Celestial claims that it was not on notice "regarding the permanence of the injury" until February 12, 2010 and, therefor, the limitation period for Celestials section 1983 claim against the City did not begin to run until that time.[24]

The City and Celestial agree that Celestial's section 1983 claim is governed by Pennsylvania's two-year statute

---

[23]   Plaintiff's City Brief at page 7.

[24]   Plaintiff's City Brief at page 7.

of limitations for personal injury actions.[25]  The City and
Celestial further agree that "[a] section 1983 cause of action
accrues when the plaintiff knew or should have known of the
injury upon which its action is based."  Sameric Corporation of
Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599
(3d Cir. 1998).

        Celestial filed its Complaint in this action on
August 26, 2011.  Accordingly, conduct or events which occurred
before August 26, 2009 fall outside the applicable two-year
limitations period.

        Celestial claims that is suffered the loss, a taking,
of its putative property at 1257 North Newkirk Street through the
November 19, 2008 sheriff's tax sale.  The November 19, 2008
sheriff's tax sale falls well outside the two-year limitations
period for Celestial's section 1983 claim.  Moreover, the
averments in its Complaint clearly demonstrate that Celestial was
aware that the City had conveyed only 2808 West Thompson Street
by the deed delivered and recorded January 29, 2005.  In other
words, Celestial knew that it was not the record owner of 1257
North Newkirk Street as early as January 29, 2005.

        It can reasonably be argued that the City's January 29,
2005 delivery of the deed for 2808 West Thompson Street, which
did not include, and did not convey, 1257 North Newkirk Street,

---

[25]     See City's Brief at page 4; Plaintiff's City Brief at page 6.

is in fact the alleged injury upon which Celestial's claim in Count One is based.  Because the City did not convey 1257 North Newkirk Street and because Celestial was not the record owner of 1257 North Newkirk Street, the November 19, 2008 sheriff's tax sale did not take or alienate any property belonging to, and therefore did not injure, Celestial.

It is immaterial whether the crux of Celestial's claim in Count One is an injury allegedly suffered on January 29, 2005 or one suffered on November 19, 2008.  An injury suffered on either date falls outside the applicable limitations period and a claim based upon that injury is time-barred.

Celestial contends that Pennsylvania's discovery rule applies here and operates to toll the limitations period and to establish February 12, 2010 as the commencement date for the limitations period.

The discovery rule applies and tolls the statute of limitations in situations "[w]here a plaintiff could not reasonably have discovered his injury or its cause".  Knopick v. Connelly, 639 F.3d 600, 607 (3d Cir. 2011)(citing Wachovia Bank, N.A. v. Ferretti, 935 A.2d 565, 572-574 (Pa.Super.Ct. 2007)).  In such situations, the limitations period "begins to run where the plaintiff knew[,] or in the exercise of reasonable diligence should have known[,] of the injury and its cause."  Id. (citing

<u>Crouse v. Cyclops Industries</u>, 560 Pa. 394, 745 A.2d 606, 611
(2000)).

     Here, Celestial was aware on January 29, 2005 that the
City conveyed only 2808 West Thompson Street to Celestial
subsequent to the August 18, 2004 sheriff's sale.  Moreover,
Celestial avers that, between January 29, 2005 and sometime in
2009, it invested approximately $300,000 in materials and labor
to improve 2808 West Thompson Street and 1257 North Newkirk
Street.[26]

     Consistent with the averments in its Complaint,
Celestial's brief in opposition to the City's motion states that
"Celestial and its parishioners have continuously and openly
occupied the Subject Premises [-- 2808 West Thompson Street and
1257 North Newkirk Street --] since their purchase of the
property at the tax sale in 2004."[27]  Moreover, Celestial does
not aver that it was unaware of the November 19, 2008 sheriff's
tax sale or of the fact that 2810-2814 West Thompson Street was
also known as 1257 North Newkirk Street.

     Plaintiff Celestial's injury, upon which its
section 1983 claim against the City is based, occurred either on
January 29, 2005 or on November 19, 2008; and the facts averred
do not demonstrate, or support a reasonable inference, that

---

[26]    Complaint at ¶¶ 26-28.

[27]    Plaintiff's City Brief at page 4.

Celestial "could not reasonably have discovered [the] injury or its cause".  Knopick v. Connelly, 639 F.3d at 607.  Accordingly, the two-year limitations period on Celestial's section 1983 claim began to run, at the latest, on November 19, 2008 and the discovery rule does not apply in this situation to toll the limitations period.  Therefore, Celestial's section 1983 takings claim asserted in Count One of the Complaint filed August 26, 2011 is time-barred.

          Because Celestial's section 1983 takings claim is time-barred by the applicable statute of limitations, I grant the City's motion to dismiss and dismiss Count One of the Complaint with prejudice.

<u>Failure to State a Claim</u>

          In addition, or in the alternative, the City contends that Count One should be dismissed for failure to state a claim because Celestial did not own 2810-2814 West Thompson Street, also known as 1257 North Newkirk Street, and, therefore, the November 19, 2008 sheriff's tax  sale of 1257 North Newkirk Street did not take, or convey, Celestial's property.[28]

          In response, Celestial asserts that it has "clearly provided enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of the

---

[28]     City's Brief at pages 4-6.

takings claim against defendant City."[29]  Specifically, Celestial quotes paragraph 66 of the Complaint, which states that "Defendant City, acting under color of state law, in gross and wanton disregard for Plaintiff's rights, deprived Plaintiff of its private property without just compensation".[30]

Because, as explained above, I conclude that the section 1983 claim against the City in Count One is time-barred, I do not reach the City's alternative argument that Celestial failed to plead sufficient facts to state a section 1983 takings claim against the City.

## Count Two

Plaintiff's pendent Pennsylvania state-law claim in Count Two of the Complaint alleges that the "fraudulent convey-ance orchestrated by Defendant City obscures the title of Plain-tiff to the Subject Premises[, 2808 West Thompson Street and 1257 North Newkirk Street]."[31]

The Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"),[32] provides that

---

[29]    Plaintiff's City Brief at page 9.

[30]    Plaintiff's City Brief at page 8.

[31]    Complaint at ¶ 70.

[32]    Act of December 3, 1993, P.L. 479, No. 70, §§ 1-5, at 12 P.S. § 5101-5110.

-24-

> [a] transfer made or obligation incurred by a
> debtor is fraudulent as to a creditor, whether the
> creditor's claim arose before or after the
> transfer was made or the obligation was incurred,
> if the debtor made the transfer or incurred the
> obligation:
>
>> (1) with actual intent to hinder, delay or
>> defraud any creditor of the debtor; or
>>
>> (2) without receiving a reasonably equivalent
>> value in exchange for the transfer or
>> obligation, and the debtor:
>>
>>> (i) was engaged or was about to engage
>>> in a business or a transaction for which
>>> the remaining assets of the debtor were
>>> unreasonably small in relation to the
>>> business or transaction; or
>>>
>>> (ii) intended to incur, or believed or
>>> reasonably should have believed that the
>>> debtor would incur, debts beyond the
>>> debtor's ability to pay as they became
>>> due.

12 Pa.C.S.A. § 5104(a).

The City contends that Count Two fails to state a fraudulent conveyance claim against the City under the PUFTA because the facts alleged by Celestial do not demonstrate that the City is, in any way, a debtor with respect to either 2808 West Thompson Street or 1257 North Newkirk Street.[33]

Moreover, the City contends that, to the extent that Celestial was attempting to assert a claim of fraud in Count Two, such a claim must be dismissed because Pennsylvania municipal

---

[33]   City's Brief at page 7.

agencies are immune from claims of fraud in real estate transactions.[34]

Celestial brief does not respond, in any way, to the City's motion to dismiss Count Two and the City's arguments in support thereof.[35]

Rule 7.1(c) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania provides that "any party opposing the motion shall serve a brief in opposition....  In the absence of a timely response, the motion may be granted as uncontested...."  This court has held that "[f]ailure to address even part of a motion in a responsive brief may result in that aspect of the motion being treated as unopposed." Nelson v. DeVry, Inc., 2009 U.S.Dist. LEXIS 38161, *35-36 (E.D.Pa. April 23, 2009) (Jones, J.) (citing Jackson v. J. Lewis Crozer Library, 2007 U.S.Dist. LEXIS 61582 (E.D.Pa. August 22, 2007)(Stengel, J.), and Mason v. Abington Township Police Department, 2002 U.S.Dist. LEXIS 17315 (E.D.Pa. September 12, 2002)(Baylson, J.)).

To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of

---

[34]     City's Brief at page 8 (citing Green Valley Dry Cleaners, Inc. v. Westmoreland County Industrial Development Corporation, 832 A.2d 1143, 1151-1154 (Pa.Commw. 2003)).

[35]     See Plaintiff's City Brief at pages 6-9.

having those parts of the motions to dismiss granted as
uncontested.  <u>See</u>, <u>e.g.</u>, <u>Saxton v. Central Pennsylvania Teamsters
Pension Fund</u>, 2003 U.S.Dist. LEXIS 23983, *84-85 (E.D.Pa.
December 9, 2003) (Van Antwerpen, J.); <u>Toth v. Bristol Township</u>,
215 F.Supp.2d 595, 598 (E.D.Pa. 2002) (Joyner, J.); <u>Smith v.
National Flood Insurance Program of the Federal Emergency
Management Agency</u>, 156 F.Supp.2d 520, 522 (E.D.Pa. 2001)
(Robreno, J.).

      Accordingly, the City's motion is granted as unopposed
to the extent that it seeks to dismiss Count Two of the
Complaint.

      However, even if I were not to consider the City's
motion to dismiss Count Two as unopposed, I would, nonetheless,
grant the motion and dismiss Count Two on the merits.

      Specifically, I would dismiss Celestial's fraudulent
conveyance claim asserted in Count Two because, as the City
correctly notes, the facts alleged here do not support a
reasonable inference that the City is a debtor -- "[a] person who
is liable on a claim" -- with respect to either 2808 West
Thompson Street or 1257 North Newkirk Street.  <u>See</u> 12 P.S.
§§ 5101(b), 5104(a).

      The City's appears to have included its latter argument
-- namely that, if Celestial is attempting to assert a claim of
common law fraud in Count Two, then the City is immune from that

claim -- in an abundance of caution.  While the City's
inclination to include that argument is understandable,
particularly because of its merit, <u>see</u> <u>Green Valley Dry Cleaners,</u>
<u>Inc. v. Westmoreland County Industrial Development Corporation</u>,
832 A.2d 1143, 1151-1154 (Pa.Commw. 2003), it does not appear
that Count Two asserts a common law fraud claim against the City.

As noted above, Celestial's brief in opposition the
City's motion to dismiss does not address Count Two at all, much
less explain that Celestial is seeking to assert a claim for
common law fraud, or fraudulent misrepresentation,[36] against the
City.

However, even if Celestial were seeking to assert a
fraudulent misrepresentation claim against the City, that claim
would be barred by both governmental immunity and the applicable
statute of limitations.

Pennsylvania provides statutory exceptions to
government immunity in tort suits.  Specifically, 42 Pa.C.S.A.
§ 8542 states that a "local agency shall be liable for damages on

---

[36]    The following elements are necessary to state a claim for
fraudulent representation under Pennsylvania law:

> 1) a representation; 2) which is material to the transaction
> at hand; 3) made falsely, with knowledge of its falsity or
> recklessness as to whether it is true or false; 4) with the
> intent of misleading another into relying on it;
> 5) justifiable reliance on the misrepresentation; and,
> 6) resulting injury proximately caused by the reliance.

<u>Commonwealth v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.</u>, ___ A.3d ___, ___,
2012 WL 3030512, at *8 (Pa.Commw. 2012)(<u>citing</u> <u>Bortz v. Noon</u>, 556 Pa. 489,
499, 729 A.2d 555, 560 (1999)).

account of injury to persons or property within the limits of"
Subchapter C, Chapter 85, Title 42 if <u>both</u> of two conditions
specified in section 8542(a) are satisfied, <u>and</u> if the injury
occurs as the result of an act that fits within one of eight
statutorily created categories of exceptions to governmental
immunity, which categories are described in section 8542(b).
Defendant City is a "local agency".  <u>See</u> 42 Pa.C.S.A. § 8501.

 If Celestial is, in fact, attempting to assert a
fraudulent misrepresentation claim in Count Two, such a claim
cannot escape government immunity through one of the eight
statutory waivers of governmental immunity created by
42 Pa.C.S.A. § 8542.  Specifically, the second of the two
mandatory conditions established by section 8542(a) is that the
injury upon which the claim is based must have been "caused by
the negligent acts of the local agency or an employee thereof
acting within the scope of his office or duties...."
42 Pa.C.S.A. § 8542(a)(2).

 Section 8542(a)(2) expressly provides that "negligent
acts" does not include "acts or conduct which constitutes...
actual fraud."  <u>Id.</u>  Accordingly, plaintiff's claim of fraudulent
misrepresentation in Count Two (if in fact one is asserted) is
barred by governmental immunity.

 Finally, if Celestial is attempting to assert a
fraudulent misrepresentation claim against the City in Count Two,

and even if that claim is not barred by governmental immunity, it is barred by the applicable statute of limitations.  Pennsylvania provides a two-year limitations period on the following actions, among others:

> (3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof...
>
> (6) An action against any officer of any government unit for the nonpayment of money or the non[-]delivery of property collected upon on execution or otherwise in his possession.
>
> (7) Any other action or proceeding to recover damages for injury to person or property which is founded on... fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa.C.S.A. § 5524.

One of the elements required any fraudulent misrepresentation is reasonable or justifiable reliance by the defendant.  Ortho-McNeil-Janssen Pharmaceuticals, ___ A.3d at ___, 2012 WL 3030512, at *8.

Here, Celestial does not aver that the City, or its employees made any representations to Celestial concerning the 1257 North Newkirk Street after the November 19, 2008 sheriff's tax sale.  Moreover, Celestial cannot claim to have reasonably or justifiably relied upon any representation concerning the City's intention to amend or change the deed, retrieved and recorded by Celestial on January 29, 2005, made by the City concerning 1257 North Newkirk Street after the City sold 1257 North Newkirk

-30-

Street to defendant Elser Street LCC at the November 19, 2008 sheriff's tax sale.  Therefore, if plaintiff is asserting a fraudulent misrepresentation claim against the City, November 19, 2008 is the latest date on which that claim could have accrued. Accordingly, that would be time-barred by the applicable two-year statute of limitations because it was not asserted until August 26, 2011, when plaintiff originally filed its Complaint in the within action in the Court of Common Pleas of Philadelphia County.

As explained above, I grant the City's motion concerning Count Two as unopposed and dismiss Count Two with prejudice and would, if I were not granting it as unopposed, grant the City's motion concerning Count Two on the merits.

## Count Three

In Count Three of the Complaint, Celestial asserts a pendent Pennsylvania state-law unjust enrichment claim against Elser Street LLC.  Specifically, Celestial alleges that it invested $300,000 in making improvements to 1257 North Newkirk Street, which improvements Elser Street LLC has retained as the owner of 1257 North Newkirk Street, and which improvements Celestial claims it would be unjust for Elser Street LLC to retain without paying compensation to Celestial.[37]

---

[37]    Complaint at ¶¶ 71-76.

This case was removed to this federal court from the Philadelphia Court of Common Pleas pursuant to 28 U.S.C. §§ 1441(a) and 1331 based upon Celestial's federal constitutional claim asserted in Count One.  This court had supplemental jurisdiction over Counts Two and Three pursuant to 28 U.S.C. § 1367. Supplemental jurisdiction over Counts Two and Three was predicated on the original, federal question jurisdiction over Count One pursuant to 28 U.S.C. § 1331.

"Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if: "(1) the state law claims raise novel or complex issues, (2) the state law claims substantially predominate over the federal claim, (3) it has dismissed all of the federal claims, or (4) if there are other compelling reasons for declining jurisdiction." Smith v. Jones, Gregg, Creehan & Gerace, LLP., 2008 U.S.Dist. LEXIS 98530 at *26 (W.D.Pa. Dec. 5, 2008).

As explained in above, Counts One and Two have been dismissed from the Complaint with prejudice.  Count One contained Celestial's sole federal claim asserted in this action.  Only Celestial's unjust enrichment claim asserted against Elser Street LLC in Count Three remains for disposition.  Because Celestials state-law unjust enrichment claim is the sole claim remaining in the Complaint, that claim predominates.

Because Celestial's section 1983 claim in Count One has been dismissed, the asserted basis for this court's jurisdiction over the subject mater of this action no longer exists.  More-over, the Notice of Removal did not offer diversity jurisdiction as an alternate jurisdictional basis for removal, and the Complaint does not plead or establish this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Specifically, although Celestial's unjust enrichment claim is in the amount of $300,000 -- well in excess of the jurisdictional minimum required by 28 U.S.C. § 1332(a) -- neither the Complaint nor the Notice of Removal establish complete diversity of citizenship among Celestial and Elser Street LLC.

For purposes of pleading diversity jurisdiction, a corporation is deemed to be a citizen of any State by which is has been incorporated and of the State where it has its principal place of business".  Thus, "a party must allege a corporation's state of incorporation and principal place of business." Randazzo v. Eagle-Picher Industries, Inc., 117 F.R.D. 557, 558 (E.D.Pa. 1987)(Lord, S.J.)(emphasis in original); see S. Freedman and Company, Inc. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006).

The Complaint avers that Celestial is a non-profit corporation organized under the laws of Pennsylvania and identifies 2810-2814 West Thompson Street, Philadelphia, Pennsylvania as Celestial's office address.  However, the

-33-

Complaint filed by Celestial does not plead "its principal place of business", as required.  Thus, Celestial is a citizen of Pennsylvania and, potentially, a citizen of some other state where it has "its principal place of business."  28 U.S.C. § 1332(c)(1).

To establish the citizenship of a limited liability company (LLC), a party must plead the citizenship of each partner or member of the LLC.  See Zambelli Fireworks Manufacturing Co., Inc. v. Wood, 592 F.3d 412, 419-420 (3d Cir. 2010).  This must be "traced through however many layers of partners or members there may be" to determine the citizenship of the LLC.  Id. (internal quotation omitted).

The Complaint identifies Elser Street LLC as "a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with an office at 622 Minor Street, Reading, PA 19622".[38]  In short, the identity and citizenship of each of Elser Street LLC's members has not been pled and, therefore, the citizenship of Elser Street LLC cannot be determined from the Complaint or Notice of Removal.  If any of Elser Street LLC's members are citizens of Pennsylvania (or the state where Celestial has its principal place of business, if that state is other than Pennsylvania) then complete diversity is lacking.

---

[38]     Complaint at ¶ 3.

Because Celestial's sole federal claim has been dismissed and because the record does not otherwise establish an independent basis for this court's jurisdiction over Celestial's unjust enrichment claim, I decline to exercise pendant jurisdiction over Celestial's state-law claim asserted in Count Three.  Accordingly, I remand this matter to the Court of Common Pleas of Philadelphia County, Pennsylvania.

## CONCLUSION

For the reasons expressed above, I grant the City's Motion to Dismiss and dismiss Counts One and Two from the Complaint, and accordingly dismiss defendant City of Philadelphia from this action.

Specifically, I grant the City's Motion to Dismiss and dismiss plaintiff's section 1983 takings claim asserted in Count One as time-barred by the applicable statute of limitations.

I grant the City's Motion to Dismiss concerning plaintiff's fraudulent conveyance claim in Count Two as unopposed because of plaintiff's failure to respond.  Alternatively, I dismiss Count Two on the merits because of plaintiff's failure to plead any facts suggesting that the City was, or is, a debtor as defined in the Pennsylvania Uniform Fraudulent Transfer Act;  and because, if plaintiff is attempting to assert a fraudulent misrepresentation claim against the City in Count Two, that claim

is barred by governmental immunity and by the applicable statute of limitations.

Finally, having dismissed plaintiff's sole federal claim and having declined to exercise pendent jurisdiction over plaintiff's sole remaining state-law claim, I remand this matter to the Court of Common Pleas of Philadelphia County, Pennsylvania.

Accordingly, I dismiss Elser Street LLC's Motion to Dismiss as moot, without prejudice for Elser Street LLC to raise the issues contained in its motion to dismiss regarding Count Three as preliminary objections in state court.