IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CELESTIAL COMMUNITY | ) | |
| DEVELOPMENT CORP., INC. | ) | |
| | ) | Civil Action |
|      Plaintiff | ) | No. 11-cv-05735 |
| | ) | |
|     vs. | ) | |
| | ) | |
| CITY OF PHILADELPHIA; and | ) | |
| ELSER STREET PROPERTIES, LLC, | ) | |
| | ) | |
|     Defendants | ) | |

**O R D E R**

NOW, this 28th day of September, 2012, upon consideration of the following documents:

(1)    Defendant City of Philadelphia's Motion to Dismiss Complaint Under Rule 12(b)(6), which motion to dismiss was filed on December 14, 2012 ("City's Motion to Dismiss"), together with

    (A)    Brief in Support of Defendant City of Philadelphia's Rule 12(b)(6) Motion to Dismiss Complaint for Failure to State a Claim, together with the following exhibits to defendant City's brief:

        (i)    Exhibit A, Complaint filed August 26, 2011 in the Court of Common Pleas of Philadelphia County, Term No. 110800219;

        (ii)    Exhibit B, Rule dated May 5, 2004 in City of Philadelphia v. Hugh R. Older, February Term 1994, No. 70041, Tax Lien Docket, for Hugh R. Older to show cause why a Decree should not issue permitting the sale of 2808 West Thompson Street, Philadelpha, Pennsylvania; and

   (iii)   Exhibit C, Decree dated June 30, 2004 in <u>City of Philadelphia v. Hugh R. Older</u>, February Term 1994, No. 70041, Tax Lien Docket, ordering 2808 West Thompson Street, Philadelphia, Pennsylvania to be sold by the Sheriff on August 18, 2004;

(2) [Plaintiff's] Response [in Opposition] to Defendant City of Philadelphia's Motion to Dismiss Complaint Under Rule 12(b)(6), which response was filed on January 17, 2012, together with

  (A) [Brief in Support of] Plaintiff's Response [in Opposition] to Defendant City of Philadelphia's Motion to Dismiss Complaint Under Rule 12(b)(6);

(3) Defendant, Elser Street Properties, LLC's Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(6), which motion to dismiss was filed on December 19, 2011 ("Elser Street LLC's Motion to Dismiss"), together with

  (A) Defendant, Elser Street Properties, LLC's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(6), together with the following exhibits to defendant Elser Street's memorandum of law:

    (i)   Exhibit 1, Complaint filed August 26, 2011 in the Court of Common Pleas of Philadelphia County, Term Number 110800219;

    (ii)   Exhibit 2, Rule dated May 5, 2004 in <u>City of Philadelphia v. Hugh R. Older</u>, February Term 1994, No. 70041, Tax Lien Docket, for Hugh R. Older to show cause why a Decree should not issue permitting the sale of 2808 West Thompson Street, Philadelpha, Pennsylvania; and Decree dated June 30, 2004 ordering 2808 West Thompson Street, Philadelphia, Pennsylvania to be sold by the Sheriff on August 18, 2004;

(iii)      Exhibit 3, Amended Claim for
           Registered Taxes filed June 26,
           2008 in <u>City of Philadelphia v.</u>
           <u>Hugh R. Older</u>, February Term 1994,
           No. 49863, Tax Lien Docket; and
           Decree dated October 10, 2008
           ordering 1257 North Newkirk Street,
           Philadelphia, Pennsylvania to be
           sold by the Sheriff on November 19,
           2008;

(iv)       Exhibit 4, Civil Action 3R -
           Complaint in Ejectment, dated
           January 8, 2010 and filed in <u>Elser</u>
           <u>Street Properties, LLC v. Celestial</u>
           <u>Community Development Corp., Inc.</u>,
           January Term 2010, No. 00883,
           together with Exhibits A through D
           thereto;

(v)        Exhibit 5, Praecipe to Enter
           Default Judgment filed February 12,
           2010 in <u>Elser Street Properties,</u>
           <u>LLC v. Celestial Community</u>
           <u>Development Corp., Inc.</u>, January
           Term 2010, No. 00883, together with
           Exhibits A and B thereto;

(vi)       Exhibit 6, Per Curiam Order of the
           Supreme Court of Pennsylvania,
           Eastern District, in <u>Elser Street</u>
           <u>Properties, LLC v. Celestial</u>
           <u>Community Development, Inc.</u>,
           Case No. 39 EM 2011, denying, among
           other things, a Petition for
           Allowance of Appeal;

(vii)      Exhibit 7, One-page excerpt from a
           Petition for Review filed by
           plaintiff with the Supreme Court of
           Pennsylvania in <u>Elser Street</u>
           <u>Properties, LLC v. Celestial</u>
           <u>Community Development, Inc.</u>, Case
           No. 39 EM 2011; and

    (viii)    Exhibit 8, Defendant's [Proposed] Answer, Counterclaims, and New Matter in Elser Street Properties, LLC v. Celestial Community Development Corp., Inc., January Term 2010, No. 00883, which proposed answer, counterclaims, and new matter was submitted on June 24, 2010 by e-mail to Judge Paul P. Panepinto of the Court of Common Pleas of Philadelphia County; and

(4) [Plaintiff's] Response [in Opposition] to Defendant Elser Street Properties, LLC's Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(6), which response in opposition was filed on January 17, 2012; together with

    (A)    [Brief in Support of Plaintiff's] Response [in Opposition] to Defendant Elser Street Properties, LLC's Motion to Dismiss [Plaintiff's] Complaint Under Rule 12(b)(6);

and for the reasons expressed in the accompanying Opinion,

IT IS ORDERED that defendant City's Motion to Dismiss is granted.

IT IS FURTHER ORDERED that Count One and Count Two are each dismissed from the Complaint with prejudice.

IT IS FURTHER ORDERED that defendant City of Philadelphia is dismissed as a party to this action.

IT IS FURTHER ORDERED that this matter is remanded to the Court of Common Pleas of Philadelphia County, Pennsylvania for disposition of plaintiff's remaining state-law unjust enrichment claim (Count Three) against defendant Elser Street Properties, LLC.

IT IS FURTHER ORDERED that defendant Elser Street LLC's Motion to Dismiss is dismissed as moot without prejudice for

-iv-

defendant Elser Street Properties, LLC to raise the issues
contained in its motion to dismiss as preliminary objections in
state court.

       IT IS FURTHER ORDERED that the Clerk of Court shall
mark this matter closed for statistical purposes.


                  BY THE COURT:


                  /s/ JAMES KNOLL GARDNER
                  James Knoll Gardner
                  United States District Judge